**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE KNIT WITH, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KNITTING FEVER, INC., | : | |
| DESIGNER YARNS, LTD., | : | |
| FILATURA PETTINATA V.V.G. DI | : | |
| STEFANO VACCARI & C., SION | : | NO.  08-4221 |
| ELALOUF, DIANE ELALOUF, JEFFREY | : | |
| J. DENECKE, JR., JAY OPPERMAN, and | : | |
| DEBBIE BLISS, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| THE KNIT WITH, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EISAKU NORO & CO., LTD., | : | |
| KNITTING FEVER, INC., | : | |
| SION ELALOUF, DIANE ELALOUF, | : | NO.  08-4775 |
| and JAY OPPERMAN, | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM</u>**

BUCKWALTER, S.J.                                                                                  May 21, 2009

Currently pending before the Court is the Motion of Plaintiff, The Knit With, Pursuant to

Rule 54(b), Requesting Certification of Finality to Order of December 18, 2008 Dismissing

Count Three of Plaintiff's Complaint.  For the reasons set forth below, the Motion is denied.

I.      **PROCEDURAL HISTORY**

This case arises from a dispute between Plaintiff, The Knit With ("The Knit"), a small, family-owned and operated business retailing specialty yarns and accessories to consumers, and Defendant Knitting Fever, Inc. ("KFI"), a New York corporation that manufactures and distributes specialty yarns.  At the core of the dispute is a claim that KFI sold yarns to The Knit, representing that they contained a percentage of cashmere, which they purportedly did not.[1]

On September 2, 2008, Plaintiff initiated litigation against KFI, its officers/directors, and several related entities, alleging that, as a consequence of the false labeling of three of the six cashmere-blend yarns at issue, its business and commercial interests were harmed.  (Compl., The Knit With v. Knitting Fever, Inc., Civ. A. No. 08-4221 (E.D. Pa. Sep. 2, 2008) ("The Knit With I").)  The Complaint set forth several causes of action, including:  (1) breach of the express warranty of merchantability; (2) breach of the implied warranty of merchantability; (3) false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (4) injury to business and property pursuant to the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962; (5) conspiracy to cause injury to business and property pursuant to RICO; (6) perfidious trade practices (deceit) under the common law of unfair competition; and (7) piercing the corporate veil.  (Id. ¶¶ 82-150.)  Defendants moved, on September 24, 2008, to dismiss the third, fourth, and fifth counts.

On October 6, 2008, Plaintiff initiated a second litigation against KFI, as well as the

_____

[1]  The facts were fully summarized in this Court's December 2008 decisions and, in lieu of repeating them here, the Court incorporates them by reference.  See The Knit With v. Knitting Fever, Inc., Civ. A. No. 08-4221, 2008 WL 5381349, at *1-6 (E.D. Pa. Dec. 18, 2008); The Knit With v. Eisaku Noro, Civ. A. No. 08-4775, 2008 WL 5273582, at *1-3 (E.D. Pa. Dec. 18, 2008).

Japanese manufacturers of the remaining three cashmere-blend yarns at issue.  (Compl., The Knit With v. Eisaku Noro & Co., Ltd., Civ. A. No. 08-4775 (E.D. Pa. Oct. 6, 2008) ("The Knit With II").)  The Complaint in that case alleged the following causes of action:  (1) breach of express warranty of merchantability of goods for resale to consumers; (2) breach of implied warranty of merchantability of goods for resale to consumers; (3) explicitly false advertising pursuant to the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (4) perfidious trade practices and common law unfair competition; (5) civil conspiracy; and (6) piercing the corporate veil.  On November 10, 2008, Defendants filed another motion to dismiss.  (Id. ¶¶ 35-82.)

On December 18, 2008, this Court, in The Knit With I, granted the motion to dismiss the Lanham Act claim for lack of standing, but denied the motion to dismiss the RICO claims.  The Knit With v. Knitting Fever, Inc., Civ. A. No. 08-4221, 2008 WL 5381349, at *1-6 (E.D. Pa. Dec. 18, 2008).  The following day, the Court also dismissed the Lanham Act claim in The Knit With II on standing grounds.  The Knit With v. Eisaku Noro and Co., Ltd., Civ. A. No. 08-4775, 2008 WL 5273582 (E.D. Pa. Dec. 19, 2008).  By way of Order dated December 23, 2008, the Court consolidated both actions under the first civil action number.

Defendants Knitting Fever, Inc., Sion Elalouf, Diane Elalouf, Jeffrey J. Denecke, and Jay Opperman (collectively "Answering Defendants") filed their Answer and Counterclaims on January 6, 2009.  Plaintiff then filed a Motion to Dismiss Counterclaims and Strike Affirmative Defenses.  The Court issued a Memorandum and Order, dated April 8, 2009, granting Plaintiff's Motion to Dismiss the Fifth Affirmative Defense, but denying Plaintiff's Motion to Dismiss both the Counterclaims and the remaining six Affirmative Defenses.  The Knit With v. Knitting Fever, Civ. A. Nos. 08-4221, 08-4775, 2009 WL 973492 (E.D. Pa. Apr. 8, 2009).

3

On March 16, 2009, Plaintiff filed the current Motion, pursuant to Rule 54(b), Seeking the Court's Certification as Final of the December 18, 2008 Order Dismissing Count Three of Plaintiff's Complaint – *i.e.* the Lanham Act claim.  Answering Defendants responded on April 2, 2009, and Plaintiff filed its Reply Brief on April 17, 2009.  Having thoroughly considered the briefing by the parties, the Court now turns to a discussion of Plaintiff's motion.

## II.    DISCUSSION

It is well-established that, with certain exceptions, the Court of Appeals generally has jurisdiction to review only "final decisions" of the district court, pursuant to 28 U.S.C. § 1291. In re Diet Drugs Prods. Liab. Litig., 401 F.3d 143, 154 (3d Cir. 2005).  "A decision ordinarily is final when it ends the litigation and leaves nothing for the court to do but execute the judgment." Bell Atl.-Pa., Inc. v. Pa. Public Util. Comm'n, 273 F.3d 337, 342 (3d Cir. 2001).  While an order disposing of either fewer than all the claims or the rights and liability of fewer than all parties is normally not appealable, an exception to this rule exists when the district court certifies an order as appealable pursuant to Federal Rule of Civil Procedure 54(b).  In re G-I Holdings, Inc., Civ. A. No 02-3626, 2005 WL 3370020, at *3 (D.N.J. Dec. 9, 2005).  Rule 54(b) permits the district court to separate out final decisions for immediate appeal in multi-claim or multi-party litigation, as follows:

> When more than one claim for relief is presented in an action, . . ., or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment.

FED. R. CIV. P. 54(b).

The Third Circuit, however, has been clear: "[Rule] 54(b) orders should not be entered

routinely or as a courtesy or accommodation to counsel." Panichella v. Pa. R.R. Co., 252 F.2d 452, 455 (3d Cir. 1958); see also Murphy v. Secs. Investor Prot. Corp., Civ. A. No. 05-2311, 2005 WL 2649310, at *5 (E.D. Pa. Oct. 14, 2005) (affirmatively citing Panichella). Rather, "the burden is on the party seeking final certification to convince the district court that the case is the 'infrequent harsh case' meriting a favorable exercise of discretion." Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.3d 360, 365 (3d Cir. 1975), abrogation on other grounds recognized by, Carter v. City of Phila., 181 F.3d 339 (3d Cir. 1999).

When analyzing whether to certify judgment on fewer than all claims presented in a multi-claim action, a district court must engage in a two-party inquiry: (1) whether the judgment is "final" and (2) whether there is any just reason for delay. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 2, 7 (1980); Waldorf v. Shuta, 142 F.3d 601, 608 (3d Cir. 1998). The Court addresses these issues individually.

### A.   **Final Judgment**.

Under the first factor, a "final" judgment is "a decision upon a cognizable claim for relief," which is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright, 446 U.S. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427 (1956)). As noted above, "[f]inality is defined by the requirements of 28 U.S.C. § 1291, which are generally described as ending 'the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment.'" Sussex Drug Prods. v. Kanasco, Ltd., 920 F.2d 1150, 1153-54 (3d Cir. 1990) (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988)). "Rule 54(b) does not alter this definition, but allows a judgment to be entered if it has the requisite degree of finality as to an individual claim

in a multiclaim action.  The partial adjudication of a single claim is not appealable, despite a rule 54(b) certification."  <u>Sussex Drug</u>, 920 F.2d at 1154.  "The threshold issue, therefore, is whether the order appealed from finally resolved at least one entire claim, leaving at least one separate claim unresolved."  <u>Bogosian v. Gulf Oil Corp.</u>, 561 F.2d 434, 440 (3d Cir. 1977).

This issue begs the question of what constitutes a claim within the meaning of Rule 54(b).  The Third Circuit has declared that "a single definition of claim cannot resolve the variables presented by each case" and, instead, "uncertainty is the rule."  <u>Sussex Drug</u>, 920 F.2d at 1154.  To that end, the appellate court has eschewed any "decisive formula" in favor of enumerating a few "governing considerations."  <u>Id.</u>  First, it is well-established, that "'a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.'"  <u>Id.</u> (quoting <u>Liberty Mut. Ins. Co. v. Wetzel</u>, 424 U.S. 737, 743 n.4 (1976).  "The word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based on those facts."  <u>Kapossy v. McGraw-Hill, Inc.</u>, 942 F. Supp. 996, 999 (D.N.J. 1996) (quoting <u>CMAX, Inc. v. Drewry Photocolor Corp.</u>, 295 F.2d 69, 697 (9th Cir. 1961)).  Thus, "[a]lternative theories of recovery based on the same factual situation are but a single claim, not multiple ones."  <u>Id.</u>  This rule holds true even when the alternative theory is contained in a separate claim or count.  <u>Allegheny County Sanitary Auth. v. U.S. E.P.A.</u>, 732 F.2d 1167, 1172-73 (3d Cir. 1984) (separate counts considered to be one claim due to the counts having the same factual basis); <u>see also</u> <u>GE Capital Mortg. Servs., Inc. v. Pinnacle Mortg. Inv. Corp.</u>, 897 F. Supp. 854, 874 (E.D. Pa. 1995).  "Put another way, a single set of interrelated facts, even though it supports several causes of action, will usually constitute only a single 'claim.'"  <u>Kapossy</u>, 942 F. Supp. at 1000.

6

In addition, courts generally hold that causes of action are not separate claims unless separate recovery is possible on each.  Id.; see also Napp Techs., LLC v. Kiel Labs., Inc., Civ. A. No. 04-3535, 2008 WL 5233708, at *7 (D.N.J. Dec. 12, 2008) (noting that a plaintiff who presents a number of alternate legal theories, but whose recovery is limited to one, has only a single claim.)  Indeed, where "the entire recovery the plaintiff originally sought still [can be] awarded under the remaining count[s]," certification is not favored.  Gerardi v. Pelullo, 16 F.3d 1363, 1371 (3d Cir.1994).

In the case of Oyster v. Johns-Manville Corp., 568 F. Supp. 83 (E.D. Pa. 1983), appeal dismissed, 770 F.2d 1066 (3d Cir. 1985), the court considered the issue of what constitutes separate claims for purposes of a Rule 54(b) certification.  The plaintiff, in that matter, instituted an action against nineteen asbestos manufacturers, as well as his former employer, claiming their liability for the various injuries he suffered as a result of exposure to asbestos.  Id. at 85.  On a motion to dismiss by the former employer, the court found that the exclusivity provisions of Pennsylvania's Workmen's Compensation Act, 77 P.S. § 1, et seq., barred most of the action against that defendant.  Id.  Plaintiff then moved for entry of final judgment, pursuant to Federal Rule of Civil Procedure 54(b), so as to immediately appeal the dismissal order.  Id.  The court denied relief, noting that the requirement of a final decision resolving the liabilities of one party had not been met.  Id.  Specifically, the court found that the previous order resulted in the dismissal of plaintiff's claims that were grounded in negligence, breach of warranty, and strict liability, but left intact plaintiff's claims that sounded in intentional misconduct.  Id. at 86. Although the element of "intent," present in the plaintiff's remaining counts, required proof of some facts different from those required to prove the dismissed claims, the court determined that

7

"the core of operative facts surrounding plaintiff's proofs on the intentional tort counts is the same as that which exists with regard to the dismissed counts." Id. at 86.  The court reiterated the principle that "[a] complaint which seeks to vindicate a single right through multiple remedies states but 'a single claim for relief' within the meaning of Rule 54(b)." Id. at 8 (citing Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 743 n.4 (1976)).  Ultimately, it concluded that "the degree of consanguinity between the dismissed portions of the complaint and the remainder thereof is so close as to compel the conclusion that plaintiff has, within the meaning of Rule 54(b), presented only one 'claim' against [defendant]." Id. at 86.

The case currently before the Court presents a similar situation in terms of a complaint presenting a multitude of theories resting on a single core of operative facts.  Plaintiff's Complaint asserts that, as a consequence of Defendants' false labeling of various yarns, Plaintiff's business and commercial interests were harmed.  (Compl. ¶ 82.)  To impose liability on Defendants, Plaintiff relies on several theories of recovery, including:  (1) breach of the express warranty of merchantability; (2) breach of the implied warranty of merchantability; (3) false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (4) injury to business and property pursuant to the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962; (5) conspiracy to cause injury to business and property pursuant to RICO; (6) perfidious trade practices (deceit) under the common law of unfair competition; and (7) piercing the corporate veil.

While the RICO claims may arguably rest on a different set of circumstances,[2] the

---

[2]  The Court makes no definitive ruling on this issue.

remainder of the counts, including the dismissed Lanham Act claim, present a sufficient "degree of consanguinity" such that certification of the December 18, 2008 Order is improper.  The breach of warranty counts, the Lanham Act count, and the perfidious trade practices count each assert that the Defendants, when offering for sale the handknitting yarns at issue, (a) represented the yarns to be spun with a quantity of cashmere consistent with their labeling, and (b) repeated and adopted those representations by written statements in price lists, specification sheets, product labeling, product catalogues, promotional support, and general communications to the handknitting trade.  (Id. ¶¶ 85-86, 101-102, 137-140.)  Should a factfinder determine that Plaintiff cannot prove the facts crucial to its breach of warranty and perfidious trade practices counts, Plaintiff will be unable to succeed under its Lanham Act count.[3]  As in Oyster Bay, the mere fact that these causes of action have some differing factual predicates and dissimilar legal elements[4] fails to undermine the notion that they all share a common core of operative facts.

---

[3]  Plaintiff effectively concedes that its causes of action share the same facts by arguing that "[m]any, but not all, of the witnesses who would be called to either establish or defend against the false advertising claim would also be required to testify to either establish or defend against the remaining unadjudicated claims.  Conversely, it is highly unlikely that any witness would be called to testify solely for the false advertising claim such that trial would be lengthened as a consequence of the Court certifying its Order of December 18 as final."  (Pl's Mot. for Certif. 16-17.)

[4]  According to the Uniform Commercial Code, an express warranty is "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." 13 PA. CONS. STAT. § 2313(a)(2).

To prove a Lanham Act violation, the complainant must show:  "(1) the defendant made false or misleading statements about the plaintiff's product; (2) there is actual deception or a tendency to deceive a substantial portion of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and (5) there is a likelihood of injury to the plaintiff."  Highmark v. UPMC Health Plan, Inc., 276 F.3d 160, 171 (3d Cir. 2001).  Unlike the breach of warranty claim, there is no reliance element.

Finally, "[t]he common law cause of action for unfair competition in Pennsylvania

Accordingly, the Court is bound to find that even though this single set of interrelated facts supports several causes of action, it can only constitute a single "claim" for purposes of Rule 54(b).[5]

Additionally, Plaintiff seeks almost the identical damages in the breach of warranty, Lanham Act, and perfidious trade practices counts.  The perfidious trade practices count actually incorporates the damages portion of the Lanham Act count.  (Id. ¶ 141 (referencing ¶ 106).) Further, almost all of the damages sought in the Lanham Act count are similarly sought under the breach of warranty counts.  (Id. ¶ 91, 106.)  As noted above, the Third Circuit has counseled against certification where "the entire recovery the plaintiff originally sought still [can be] awarded under the remaining count[s]."  Gerardi v. Pelullo, 16 F.3d 1363, 1371 (3d Cir. 1994).

_____

mirrors the Lanham Act's section 43(a) cause of action for unfair competition, except that under state law there is no requirement that the goods traveled through interstate commerce."  Louis Vuitton Malletier and Oakley, Inc. v. Veit, 211 F. Supp. 2d 567, 582 (E.D. Pa. 2002); see also Haymond v. Lundy, Civ. A. No. 99-5048, 2001 WL 15956, at *2 (E.D. Pa. Jan. 5, 2001).

[5]  Plaintiff contends that its "claims do not assert multiple violations of a single legal right," but rather "harms to distinct legal rights."  (Pl's Mot. for Certif. 11.)  Specifically, it argues that the December 18, 2008 Order "conclusively and undeniably decides a major question of law, i.e. does any merchant have standing to sue for the false advertising of the qualities and characteristics of goods purchased by that merchant for resale, ultimately to consumers, when the seller is operating on a different level within the chain of commerce – either as a wholesaler or a manufacturer?"  (Id. at 7.)  Plaintiff now claims that it seeks to appeal only the issue of standing to assert liability for false advertising, which is entirely separable from the underlying claims. (Pl's Reply Br. 7.)

This argument misunderstands the Rule 54(b) inquiry.  Rule 54(b) is not concerned with whether a plaintiff asserts varying theories of legal violation; it is focused on whether there is or is not a single core of operative facts that is the basis for the legal rights.  All of the causes of action in this case are concerned with the same set of interrelated facts – the mislabeling and sale of yarns by Defendants.  Accordingly, these causes of action constitute one single claim. Only one of those causes of action has been dismissed, meaning that the single claim has not been finally resolved. Whether the legal question to be appealed is separable from the remainder of the case is irrelevant.

Although Plaintiff would be entitled to also recover attorneys' fees and treble damages for a successful Lanham Act claim, 15 U.S.C. § 1117(a), the same basic compensatory damages are only recoverable one time under either the state court claims or the Lanham Act count.  See J&M Turner, Inc. v. Applied Bolting Tech. Prods, Inc., Civ. A. No. 95-2179, 1998 WL 47379, at *8 (E.D. Pa. Jan. 30, 1998) ("[b]ecause the elements of both claims are the same, the jury would have duplicated damages had it awarded damages for both the unfair competition through false advertising and the Lanham Act claim."); see also Sussex Drug, 920 F.2d at 1155 (holding that "[w]hen liability rests on the same transaction or series of transactions, a count for punitive damages, although of a different order than compensatory damages, does not constitute a separate claim under Rule 54(b).  Rather, this is simply an example of an attempt to split a cause of action.").

In short, the Court declines to find that our December 18, 2008 Order finally resolved one entire claim between the parties.  Given that the crucial facts surrounding Plaintiff's proofs on the breach of warranty counts and perfidious trade practices count are the same as those surrounding the dismissed Lanham Act count, certification is improper.

**B.    <u>Just Cause for Delay</u>**

While not necessary to our determination, the Court also finds that the circumstances of this case do not justify "the discretionary departure from the normal policy of avoiding piecemeal appeals."  In re G-I Holdings, Civ. A. No. 02-3636, 2005 WL 3370020, at *5 (D.N. J. Dec. 9, 2005).  In considering whether there is or is not just reason to delay an appeal, the Court must balance considerations of judicial administrative interests as well as the equities involved.  Id. at *3.  The Third Circuit, in Allis Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360 (3d Cir. 1975),

11

identified several non-exclusive factors for the district court to consider, including: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Id. at 364. Depending on the facts and circumstances of each case, all or some of the above factors may impact the court's discretion to certify a judgment as final under Rule 54(b). In re G-I Holdings, 2005 WL 3370020, at *3 (citing Waldorf v. Shuta, 142 F.3d 601, 609 (3d Cir. 1998)).

Plaintiff's discussion of these factors has failed to satisfy the burden of showing that this case merits "a favorable exercise of discretion." Allis-Chalmers, 521 F.3d at 365. As noted above, the adjudicated and unadjudicated claims bear a close relationship, meaning that the need for review of the Lanham Act issue may possibly be mooted by future developments in the district court. For example, if there is a finding, either at trial or on summary judgment, that the yarns were neither mislabeled nor misrepresented by Defendants,[6] Plaintiff's claims for breach of warranty, unfair trade practices, and false advertising under the Lanham Act will all fail. In turn, any determination by the Third Circuit as to standing would be irrelevant. Second, the Court is

---

[6] Plaintiff argues that "the Answer of the US Defendants have raised no facts which undermine TKW claims." (Pl's Mot. for Certif. 13.) Such factual considerations are clearly not for the Court to make at this stage of the litigation and are more properly suited to a motion for summary judgment.

not convinced that Plaintiff will suffer any hardship or injustice if its appeal of the Court's

dismissal of the Lanham Act claim is delayed until the entire action is complete.  Irrespective of

the outcome of the remaining causes of action, Plaintiff will maintain the ability to appeal the

Court's December 18, 2008 Order and, if necessary, have the case remanded for further

consideration.  Third, Plaintiff explicitly concedes that Defendant KFI's counterclaims, if

successful, may possibly result in a set-off.[7]  (Pl's Mot. for Certif. 14.)  Finally, judicial economy

counsels against staying progress of this action pending a decision by the Third Circuit.  This

case has already been pending for eight months, yet the parties have yet to scratch the surface of

discovery.  Granting Rule 54(b) certification could result in further delay of this action without

either simplifying or facilitating its future litigation.

Overall, the Allis-Chalmers factors either counsel against certification or are otherwise

neutral and irrelevant to our analysis.  Given such considerations, the Court finds ample cause for

delay of appeal.[8]

---

[7]  Plaintiff argues that "the US Defendants' speculation that their legal and factual defenses are sufficient to defeat Plaintiff's claims is just that: speculation."  (Pl's Reply Br. 8.) They go on to contend, without further argument, that the likelihood of legal success on these counterclaims is "open to doubt."  (Id. at 14.)  The Court notes, however, that the viability of Plaintiff's claims and defense to the counterclaims is equally based on speculation.  In either case, whether Defendants' will or will not succeed is nonetheless irrelevant to the certification analysis.

[8]  In its Reply Brief, Plaintiff argues that "[e]very commercial entity in the chain of distribution – including KFI – engaged in purchasing goods or commodities from suppliers for resale to another commercial enterprise and eventual resale to consumers has a stake in ascertaining whether the December 18 dismissal of Plaintiff's false advertising claim is properly decided," thereby making certification compelling.  (Pl's Reply Br. 8-9.)  While the issue may be of some interest to the larger public, however, this consideration is irrelevant to whether an order should be certified as final pursuant to Fed. R. Civ. P. 54(b).

**III.     CONCLUSION**

In sum, Plaintiff has failed to meet its burden of proving that this matter constitutes the "infrequent harsh case" worthy of an exception to the basic rule against piecemeal appeals.  The Court's December 18, 2009 Memorandum and Order does not involve a "final judgment" as it does not dispose of a single claim in a multi-claim action.  Moreover, the circumstances of this matter offer ample and just reason for delay.  Accordingly, the Court declines to grant Plaintiff's motion.