IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE KNIT WITH, | : | |
| | : | CIVIL ACTION |
|         Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| KNITTING FEVER, INC., | : | |
| DESIGNER YARNS, LTD., | : | |
| FILATURA PETTINATA V.V.G. DI | : | |
| STEFANO VACCARI & C., SION | : | NO. 08-4221 |
| ELALOUF, DIANE ELALOUF, JEFFREY | : | |
| J. DENECKE, JR., JAY OPPERMAN, and | : | |
| DEBBIE BLISS, | : | |
| | : | |
|         Defendants. | : | |

| | | |
|---|---|---|
| THE KNIT WITH, | : | |
| | : | CIVIL ACTION |
|         Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| EISAKU NORO & CO., LTD., | : | |
| KNITTING FEVER, INC., | : | |
| SION ELALOUF, DIANE ELALOUF, | : | NO. 08-4775 |
| and JAY OPPERMAN, | : | |
| | : | |
|         Defendants. | : | |

<u>**MEMORANDUM**</u>

BUCKWALTER, S.J.                                                                                                                                                     December 7, 2010

      Currently pending before the Court are: (1) Plaintiff The Knit With's Petition for Special Order of Service of Process Against Defendants Filatura Pettinata V.V.G. di Stefano Vaccari & C. and Designer Yarns, Ltd; and (2) the Motion of Defendants Designer Yarns, Ltd and Filatura Pettinata V.V.G. di Stefano Vaccari & C. to Dismiss. For the following reasons, Plaintiff's Petition is granted and Defendants' Motion is denied.

I. **FACTUAL AND PROCEDURAL HISTORY**

The factual background of this case is one familiar to both the parties and the Court and has been reiterated in several of this Court's prior opinions.[1] The Court therefore repeats only the facts relevant to the present Motions.

This matter arises between Plaintiff The Knit With ("The Knit"), a small, family-owned and operated business retailing specialty yarns and accessories to consumers, and Defendant Knitting Fever, Inc. ("KFI"), a New York corporation that manufactures and distributes specialty yarns. At the core of the dispute is Plaintiff's claim that KFI sold designer knitting yarns to The Knit, representing that the yarns contained a percentage of cashmere, which they allegedly did not.

On September 2, 2008, Plaintiff initiated litigation against KFI and its officers/directors, as well as Italian Defendant and yarn manufacturer Filatura Pettinata V.V.G. di Stefano Vaccari & C. ("Filatura"), and British Defendants and yarn designers/manufacturers Designer Yarns, Ltd. ("Designer Yarns") and Debbie Bliss, alleging that, as a consequence of the false labeling of three Cashmerino yarns, its business and commercial interests were harmed. (Compl., The Knit With v. Knitting Fever, Inc., No. CIV.A.08-4221 (E.D. Pa. Sept. 2, 2008).) Over the course of the next two years KFI and The Knit engaged in vigorous litigation, including discovery and dispositive motions. Throughout this entire course of events, however, Defendants Filatura, Debbie Bliss, and Designer Yarns never entered appearances. Accordingly, on May 10, 2010, Plaintiff moved for default judgments against these entities. The three foreign Defendants engaged attorney Joshua Slavitt of Pepper Hamilton, LLP – who had been acting as counsel for KFI and its principals in the

---

[1] As the facts were fully summarized in two December 2008 decisions, the Court incorporates them by reference here. See The Knit With v. Knitting Fever, Inc., No. CIV.A.08-4221, 2008 WL 5381349, at *1-6 (E.D. Pa. Dec. 18, 2008); The Knit With v. Eisaku Noro, No. CIV.A. 08-4775, 2008 WL 5273582, at *1-3 (E.D. Pa. Dec. 18, 2008).

2

litigation to date – to represent them in challenging Plaintiff's action against them.  Defendant Filatura then countered, on May 12, 2010, with a Motion to Dismiss the case against it for insufficient service.  That same day, the Clerk of this Court entered defaults against Defendants Debbie Bliss and Designer Yarns.  On May 14, 2010, the two defaulting Defendants moved to reopen the judgments against them and simultaneously filed Motions to Dismiss for insufficient service identical to the one filed by Filatura.  By way of Order entered July 13, 2010, the Court quashed the service of process on Defendants Filatura, Designer Yarns, and Debbie Bliss; vacated the default judgments against Designer Yarns and Debbie Bliss; and ordered Plaintiff to effect proper service on these three Defendants within sixty days, or else face dismissal of the actions against them with prejudice.  <u>The Knit With v. Knitting Fever, Inc.</u>, No. CIV.A.08-4221, 2010 WL 2788203 (E.D. Pa. July 13, 2010).

On July 14, 2010, one day after the Court's entry of its Order, the Knit requested that Mr. Slavitt accept service of process on behalf of his clients Filatura, Designer Yarns, and Debbie Bliss.  (Pl.'s Petition for Alternate Service ("Pl.'s Petition") Ex. F.)  Mr. Slavitt promptly replied that his office would not accept such service.  (<u>Id.</u>)  On July 15, 2010, Plaintiff also filed a Notice of Lawsuit and Request to Waive Service of Summons to Filatura, Designer Yarns, and Debbie Bliss.  (<u>Id.</u> Ex. G.)  Finally, on July 19, 2010, Plaintiff requested that the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania effect service, pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), on Designer Yarns, Filatura, and Debbie Bliss.  (<u>Id.</u> Ex. K.)  The Clerk mailed process to these Defendants by registered first-class mail, return receipt requested, on July 19, 2010.  (Docket No. 174.)  As of early August, 2010, service of process against Bliss was effected by personal service, once in Portland, Oregon and once in Seattle,

Washington. (Pl.'s Petition, Ex. H; Docket No. 190.) Neither Filatura nor Designer Yarns, however, acknowledged receipt of the service by the Clerk. (Decl. of James F. Casale, ¶ 18, Sept. 15, 2010 ("Casale Decl.").) Likewise, neither of these Defendants signed and returned the waiver of service of process. (Id. ¶¶ 15-18.) On September 13, 2010, Plaintiff's counsel received the return of the waiver addressed to Bliss, indicating that the delivery was refused on August 17, 2010. (Pl.'s Petition, Exs. I & J.)

Plaintiff filed the current Petition for Special Order of Service of Process on Filatura and Designer Yarns on September 16, 2010 – three days after the Court-ordered time for effecting service on these Defendants expired. Defendants responded on October 4, 2010, and Plaintiff filed a Reply Brief on October 13, 2010. In the meantime, on October 6, 2010, Defendants Filatura and Designer Yarns filed a Motion to Dismiss under Federal Rule of Civil Procedure 41(b) for failure to properly accomplish service of process against them within the Court-ordered period. Plaintiff responded to that Motion on October 19, 2010.[2] This Court now turns to a consideration of the pending Motions.

## II. PLAINTIFF'S PETITION FOR SPECIAL ORDER OF SERVICE OF PROCESS

In the United States, Federal Rule of Civil Procedure 4(f) governs service of process upon individuals in a foreign country. FED. R. CIV. P. 4(f). The Rule provides for service as follows:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served at a place not within any judicial district of the United States:
>
> (1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

---

[2] Notably, on November 1, 2010, after these Motions were briefed, a copy of the Summons and Complaint mailed to Filatura by the Clerk of Court was returned as undeliverable.

4

> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other mans, by a method that is reasonably calculated to give notice:
>
>   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
>   (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>   (C) unless prohibited by the foreign country's law, by:
>
>     (I) delivering a copy of the summons and of the complaint to the individual personally; or
>
>     (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Id. Rule 4(h) goes on to note that a corporation, partnership, or association may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I)." FED. R. CIV. P. 4(h)(2).

Although Plaintiff, in this case, originally attempted service under Rule 4(f)(1) by mailing service of process to the Defendants in their home countries, the Court determined that, under the Hague Convention[3] and the Federal Rules of Civil Procedure, such service was not permissible. The Knit With, 2010 WL 2788203, at *11. Following the Court's ruling, Plaintiff made multiple efforts to effect service. At some point in late July or early August, Plaintiff's counsel inquired into accomplishing service on Defendant Filatura through the Italian Central Authority, who

---

[3] See Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters [hereinafter Hague Convention] art. 2, *Entered into Force for the United States,* Feb. 10, 1969, 20 U.S.T. 361, 658 U.N.T.S. 163.

5

responded that it was not accepting documents for service during the entire month of August and that any service through that Authority could take up to three months. (Pl.'s Resp. Defs.' Mot Dismiss, Decl. of Robert Guite, ¶¶ 4-5, Oct. 15, 2010 ("Guite Decl.").) Moreover, Plaintiff attempted service under Rule 4(f)(2)(C)(ii), by requesting that process be mailed by the Clerk of Court. Finally, Plaintiff sought waivers of service of process by the Defendants. Having not succeeded in any of these endeavors due to the Defendants' refusal to sign or acknowledge the various notifications, Plaintiff has now turned to Rule 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3).

Service pursuant to Rule 4(f)(3) is "neither a last resort nor extraordinary relief. . . . It is merely one means among several which enables service of process on an international defendant." Rio Props., v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002) (quotation marks and citation omitted); see also Forum Fin. Group, LLC v. President, Fellows of Harvard Coll., 199 F.R.D. 22, 23 (D. Me. 2001) ("[N]othing in Rule 4(f) or its advisory committee notes indicates that court-directed service under Rule 4(f)(3) is 'extraordinary relief.'"). "'The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement.'" Prediction Co. LLC v. Rajgarhia, No. CIV.A.09-7459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010) (quoting Ehrenfeld v. Salim a Bin Mahfouz, No. CIV.A.04-9641, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005)). The decision of whether to allow alternative service of process under this Rule is committed to the sound discretion of the district court, which may require the parties to "'show that they have reasonably attempted to effectuate service on the defendant(s) and that circumstances are such that the district court's intervention is necessary . . . .'" Id. (quoting Export-Import Bank v. Asia Pulp & Paper Co., Ltd.,

6

No. CIV.A.03-8554, 2005 WL 1123755, at *4 (S.D.N.Y. May 11, 2005)).

Once a court is convinced that its intervention is necessary and alternate service is appropriate, the court must ascertain a method of service that will comport with constitutional notions of due process. Marlabs Inc. v. Jakher, No. CIV.A.07-4074, 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010). The United States Supreme Court has explained that the method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); see also Marlabs, 2010 WL 1644041, at *3; Marks v. Alfa Group, 615 F. Supp. 2d 375, 379 (E.D. Pa. 2009). "[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." Rio Props., 284 F.3d at 1016 (citing cases). What constitutes appropriate service varies depending on each case's particular circumstances. Prediction, 2010 WL 1050307, at *1. Repeatedly, courts around the country have found that service upon a foreign defendant through counsel is appropriate "to prevent further delays in litigation." LG Elecs, Inc. v. Asko Appliances, Inc., No. CIV.A.08-828, 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (finding that, pursuant to Rule 4(f)(3), service upon an attorney was permissible in light of the regularity of contact between the defendant and his attorney; "this Court cannot countenance the continued attempts to unnecessarily frustrate service upon [defendant] and further delay the instant litigation."); see also Prediction, 2010 WL 1050307, at *2 (holding that sending a copy of the summons and complaint to defendant's attorney and requesting that he forward the documents to defendant is "reasonably calculated to apprise [defendant] of the pendency of the action and afford

him an opportunity to present objections"); Marlabs, Inc., 2010 WL 1644041, at *3 (finding that service upon the foreign defendant through his attorney comports with constitutional due process since defendant was clearly on notice of the contents of the instant complaint and had regular contact with its attorney); In re TFT-LCD (Flat Panel) Antitrust Litig., No. CIV.A.07-1827, 2010 WL 1337743, at *3 (N.D. Cal. Apr. 2, 2010) (finding that where defendant had consulted U.S. counsel regarding the lawsuit and participated in the case through U.S. counsel, it was "reasonable to infer that [defendant] ha[d] sufficient notice of this case and that service of defendant through its U.S. counsel [would] comport with due process"); FMAC Loan Receivables v. Dagra, 228 F.R.D. 531, 534 (E.D. Va. 2005) ("Based on the facts of this case, it is clear that [defendant] would be given proper notice if service was effectuated on his attorney. The numerous motions filed by [defendant's attorney] make it abundantly clear that [defendant] has been in constant communications with his attorney.").

The case before the Court presents the ideal scenario for invoking Rule 4(f)'s allowance of alternate means of service. Primarily, by all substantiated accounts, Plaintiff has made numerous attempts to serve Defendants Filatura and Designer Yarns. Notwithstanding such efforts, Defendants Filatura and Designer Yarns have repeatedly and actively sought to thwart or evade such service with the intent of escaping participation in this lawsuit. A party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief." Rio Props, Inc., 284 F.3d at 1016. Instead, it need only demonstrate that the facts and circumstances of the case necessitate the court's intervention. Id. Having exercised sufficient due diligence to serve these Defendants, Plaintiff has properly satisfied the threshold requirement for invoking the Court's authority under Rule 4(f)(3).

Furthermore, it is abundantly clear that both Filatura and Designer Yarns possess full notice of both the lawsuit as a whole and the contents of the Complaint. In May 2010, both Defendants engaged as counsel the law firm of Pepper Hamilton, LLP – the same firm that currently represents the KFI Defendants and that has actively litigated this matter for several years. (Pl.'s Petition Exs. B & C.) Further, in May 2010, both Defendants brought substantive motions to set aside defaults entered against them and to dismiss for insufficient service. Lastly, in October 2010, both Defendants filed new Motions to Dismiss based on Plaintiff's failure to effect service of process, thereby admitting their awareness of the Court's previous Memorandum and Order granting Plaintiff sixty days to re-serve them.

Finally, the record suggests that the Defendants are in regular contact with their counsel. Pepper Hamilton has submitted multiple briefs and/or other filings on behalf of these two Defendants. Further, as noted above, Defendants were clearly made aware, by their counsel, that the Court-ordered time for serving them had expired. Neither Defendants nor their counsel have attempted to deny this apparent line of communication between them.

In sum, the Court finds that service of Defendants Designer Yarns and Filatura through their U.S. counsel, Joshua Slavitt, will comport with due process. The Court is not aware of any international agreement or other law that prohibits this type of service in either Italy or England. Further, Plaintiff has already spent many months diligently attempting to serve these Defendants. Requiring it to take further efforts through the Hague Convention[4] will simply prove to be time-

---

[4] Defendants emphasize Plaintiff's failure to fully proceed through the methods provided by the Hague Convention as grounds for denying its Petition. This fact is of no moment. As aptly noted by the Ninth Circuit:
> [The Court disagrees that] Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2),

consuming, expensive, burdensome, and ultimately an obstacle to the forward progression of this litigation. More importantly, to allow Defendants to skirt the jurisdiction of this Court by evading service and then relying on the time-limits set forth in the Court's prior Order[5] would countenance their purposeful efforts to improperly and unnecessarily frustrate this action. Accordingly, the Court concludes that Plaintiff is entitled to use the more efficient method, under Rule 4(f)(3), of serving process on U.S. counsel for Defendants Designer Yarns and Filatura.[6]

### III. MOTION BY DEFENDANTS DESIGNER YARNS AND FILATURA FOR DISMISSAL

Also before the Court is the Motion of Defendants Designer Yarns and Filatura for Dismissal of the claims against them. This Motion, however, is based entirely on the Court's Order, dated July 13, 2010, wherein Plaintiff was given sixty days to effect proper service upon the Defendants and was warned that "[s]hould Plaintiff fail to do so within that time limit, Plaintiff's

---

including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes.

Rio Props., Inc., 284 F.3d at 1014-15.

[5] Defendants argue that Plaintiff's Petition is nothing more than an effort to seek reconsideration of the Court's July 13, 2010 Order requiring Plaintiff to properly serve Defendants within sixty days. The Court finds no merit to such a contention. Plaintiff has adequately proven both its due diligence in attempting to effectuate such service and Defendants' efforts to evade such service. The time limit set forth in the Court's Order was by no means a "wink and a nod" to Filatura and Designer Yarns that if they could avoid service for that sixty-day period, they could escape participation in the lawsuit.

[6] Plaintiff also requests that this Court authorize service of process by e-mail and order the Clerk to mail process to Filatura and Designer Yarns by international commercial courier and by e-mail. Given that the Court has already authorized service of process on Joshua Slavitt of Pepper Hamilton LLP, and given that Pepper Hamilton is an established Philadelphia firm, the Court sees no reason to require these additional assurances.

actions against those Defendants shall be dismissed with prejudice." The Knit With, 2010 WL 2788203, at *14. Because the sixty-day period has expired and Plaintiff has yet to properly effect service, Filatura and Designer Yarns claim that the Complaint against them must be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). The standard for dismissing a case pursuant to this rule was established in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984), which enumerated the following six factors to be considered in the analysis: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. Notably, however, dismissal pursuant to this Rule is "a drastic remedy to be used in extreme circumstances" and is "reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Weinberg v. Thyssenkrup Budd Co., No. CIV.A.05-6213, 2008 WL 834387, at *3 (E.D. Pa. Mar. 27, 2008) (quotations omitted).

As detailed above, the Court finds no grounds for dismissal of this action. In the July 13, 2010 Memorandum and Order, the Court specifically determined that any initial delay in properly serving Defendants Designer Yarns and Filatura was not caused by Plaintiff's willfulness or bad faith, as follows:

> The Court . . . remains cognizant of the vagaries inherent in the interpretation of the Hague Convention and proper methods of international service of process. Plaintiff

11

> undoubtedly had good cause to believe that the service on the Moving Defendants was proper and effective, particularly in light of the fact that there is significant jurisprudence condoning that method of service on defendants in England and Italy. To grant the Motions to Dismiss on the grounds of invalid service of process would ignore this confusing area of the law and unduly penalize Plaintiff.
>
> In light of the circumstances in this case, the Court finds that Plaintiff is entitled to another opportunity to serve the Moving Defendants. To that end, a time limit is appropriate to ensure that the case advances in a reasonably timely manner. Accordingly, the Court will deny the Motions to Dismiss without prejudice, quash the service upon the Moving Defendants, and give Plaintiff sixty (60) days from the date of this Order to accomplish proper service of process upon the Moving Defendants.

The Knit With v. Knitting Fever, Inc., 2010 WL 2788203, at *12-13. Immediately following this ruling, Plaintiff made diligent and repeated attempts to properly serve the Defendants, but was continually thwarted by the Defendants' obvious efforts to evade receipt of process. Indeed, Plaintiff's counsel has no history of dilatoriness in this action and, quite to the contrary, has vigorously litigated almost every aspect of this suit. While Defendants may now suffer prejudice by having to participate in an already-advanced litigation, that prejudice was occasioned by their own behavior and not by any actions attributable to the Plaintiff.

In light of this history, the Court finds that the Poulis factors strongly counsel against dismissal. As the Court has already found that Plaintiff should be permitted to use an alternate means to serve Defendants Designer Yarns and Filatura, it would be unreasonable to dismiss the case against these Defendants due to Plaintiff's inability to previously serve them. Accordingly, the Motion to Dismiss is denied.

An appropriate Order follows.