**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE KNIT WITH, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KNITTING FEVER, INC., | : | |
| DESIGNER YARNS, LTD., | : | |
| FILATURA PETTINATA V.V.G. DI | : | |
| STEFANO VACCARI & C., SION | : | NO.  08-4221 |
| ELALOUF, DIANE ELALOUF, JEFFREY | : | |
| J. DENECKE, JR., JAY OPPERMAN, and | : | |
| DEBBIE BLISS, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| THE KNIT WITH, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EISAKU NORO & CO., LTD., | : | |
| KNITTING FEVER, INC., | : | |
| SION ELALOUF, DIANE ELALOUF, | : | NO.  08-4775 |
| and JAY OPPERMAN, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                     May 25, 2011

      Presently before the Court are Defendant Filatura Pettinata V.V.G. Di Stefano Vaccari &

C.'s ("Filatura") Motion to Set Aside Default Judgment and Plaintiff The Knit With's Motion to

Strike Filatura's "Improperly Filed Overdue" Answer to the Complaint.  As set forth below, the

Court vacates the default judgment and denies Plaintiff's Motion to Strike Filatura's Answer.[1]

"Generally, the entry of a default judgment is disfavored because it has the effect of preventing a case from being decided on the merits." Eastern Elec. Corp. of N.J. v. Shoemaker Constr. Co., 652 F. Supp. 2d 599, 604 (E.D. Pa. 2009). "Thus, because a party is 'not entitled to a default judgment as of right,' the court must use 'sound judicial discretion' in weighing whether or not to enter a default judgment." Id. (quoting Prudential-LMI Commercial Ins. Co. v. Windmere Corp., No. CIV.A.94-0197, 1995 WL 422794, at *1 (E.D. Pa. July 14, 1995) (further quotations omitted)). Doubtful cases should be "resolved in favor of the party moving to set aside the default judgment." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). In exercising its discretion to set aside a default under Federal Rule of Civil Procedure 55(c), a court must consider three factors: (1) whether the default was the product of defendant's culpable conduct; (2) whether the plaintiff will be prejudiced if the default is denied; and (3) whether the defendant has a meritorious defense. Id. at 195. Notably, the first factor – a defendant's culpable conduct – weighs most heavily in the evaluation and must appear independently from the default. Eastern Elec., 652 F. Supp. 2d at 604-05. Any doubt as to culpability should favors setting aside the default and reaching the merits of the case. Id. at 605.

In the present matter, every one of the foregoing factors advocates towards granting Filatura's Motion to Set Aside. First, the record shows no bad faith or dilatory behavior on Filatura's part outside of the actual default. In January 2011, Filatura timely filed a motion to dismiss all of the claims against it in January 2011. The Court granted the Motion in part, on March 10, 2011, but denied it as to the breach of warranty claim, making Filatura's answer to the Complaint due on March 31, 2011. When no answer was forthcoming, Plaintiff sought and

---

[1] In light of the multitude of opinions issued in this case, the Court refrains from engaging in yet another summary of the factual and procedural history.

obtained and entry of default on May 4, 2011. This entry being its first notice of its error, Filatura filed its Answer within hours, albeit thirty-four days past its deadline.[2] In its subsequent Motion to Set Aside the Default, Filatura offered no untenable excuses for the delay, but simply admitted to plain inadvertence on its part. Such negligence alone, with no inkling of bad faith or dilatory behavior, is insufficient to sustain a default.

Second, Plaintiff clearly has not suffered and will not suffer any prejudice should the Court vacate the default. Discovery in this case was stayed on May 25, 2010. Proper service on Filatura, however, was not accomplished until December 2010. The stay on discovery was ultimately lifted on April 27, 2011. When Filatura filed its untimely Answer on May 4, 2011, Plaintiff had lost only seven days of its potential discovery period. Given the ample time Plaintiff will have to conduct discovery regarding the single and simple claim remaining against Filatura, together with the fact that Plaintiff has repeatedly been put on notice of Filatura's defenses, the Court finds no threat of prejudice.

Finally, Filatura has put forth a meritorious defense to the breach of warranty claim against it. Throughout the case, both Filatura and other Defendants have asserted that this cause of action is barred by the statute of limitations. This Court has likewise expressly recognized that the issue of the timeliness of Plaintiff's warranty claims may indeed be a meritorious defense that cannot be decided as a matter of law due to the existence of a genuine issue of material fact. See The Knit With v. Knitting Fever, Inc., No. CIV.A.08-4221, 2011 WL 1603118, at *3-4 (E.D. Pa. Apr. 27, 2011); The Knit With v. Knitting Fever, Inc., No. CIV.A.08-4221, 2011 WL 891871, at *15-16

---

[2] Plaintiff accuses Filatura of attempting to side-step the default and skirt the Court's authority by filing its Answer in an untimely fashion in lieu of attaching it as an exhibit to its Motion to Set Aside. The Court, however, attributes no such unethical motives to Filatura, but rather recognizes that Filatura was making an effort to immediately provide Plaintiff with its Answer while simultaneously moving to set aside the default.

(E.D. Pa. Mar. 10, 2011).

Given the foregoing factors, together with the general disfavor towards the entry of default judgments, the Court finds no basis on which to sustain the default judgment against Defendant Filatura.  Accordingly, the Court orders that the default be vacated and that Plaintiff's claim against Filatura be decided on its merits.

An appropriate Order follows.