# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE KNIT WITH, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-cv-04221 |
| KNITTING FEVER, INC., FILATURA PETTINATA V.V.G. DI STEFANO VACCARI & C., SION ELALOUF, AND JAY OPPERMAN, | : |
| Defendants. | : |

| | |
|---|---|
| THE KNIT WITH, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-cv-04775 |
| EISAKU NORO & CO., LTD., KNITTING FEVER, INC., SION ELALOUF, and JAY OPPERMAN, | : |
| Defendants. | : |

## ORDER

Upon consideration of Defendants' Motion for a Protective Order and any response thereto, it is HEREBY ORDERED that the Motion is GRANTED. Defendants are not required to respond to any outstanding discovery requests. It is FURTHER ORDERED that Plaintiff may serve a cumulative total of twenty-five (25) additional requests for admission and twenty-five (25) additional requests for production.

_____
Discovery Master

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE KNIT WITH, | : | |
|     Plaintiff, | : | |
| v. | : | Civil Action No. 08-cv-04221 |
| KNITTING FEVER, INC., FILATURA PETTINATA V.V.G. DI STEFANO VACCARI & C., SION ELALOUF, AND JAY OPPERMAN, | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| THE KNIT WITH, | : | |
|     Plaintiff, | : | |
| v. | : | Civil Action No. 08-cv-04775 |
| EISAKU NORO & CO., LTD., KNITTING FEVER, INC., SION ELALOUF, and JAY OPPERMAN, | : | |
|     Defendants. | : | |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants Knitting Fever, Inc. ("KFI"), Filatura Pettinata V.V.G. di Stefano Vaccari & C. (S.A.S) ("Filatura"), Sion Elalouf, and Jay Opperman (collectively "Defendants"), by and through their undersigned counsel, respectfully move for entry of Protective Order for the reasons stated in the accompanying Memorandum of Law.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE KNIT WITH, | : |
|     Plaintiff, | : |
| v. | : Civil Action No. 08-cv-04221 |
| KNITTING FEVER, INC., FILATURA PETTINATA V.V.G. DI STEFANO VACCARI & C., SION ELALOUF, AND JAY OPPERMAN, | : |
|     Defendants. | : |

| | |
|---|---|
| THE KNIT WITH, | : |
|     Plaintiff, | : |
| v. | : Civil Action No. 08-cv-04775 |
| EISAKU NORO & CO., LTD., KNITTING FEVER, INC., SION ELALOUF, and JAY OPPERMAN, | : |
|     Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR <u>PROTECTIVE ORDER</u>**

Defendants Knitting Fever, Inc. ("KFI"), Filatura Pettinata V.V.G. di Stefano Vaccari & C. (S.A.S.) ("Filatura"), Sion Elalouf, and Jay Opperman (collectively "Defendants"), by and through their undersigned counsel, respectfully move for entry of Protective Order for the reasons stated herein.

**I.  INTRODUCTION**

Plaintiff, The Knit With ("Plaintiff" or "TKW"), is a yarn shop owned by Plaintiff's counsel and his sister. KFI is an importer and distributor of yarn. Plaintiff brought these

consolidated actions in the Fall of 2008 against KFI and 8 other defendants,[1] alleging a litany of claims arising from Plaintiff's purchase of $9,702.50 of yarn from KFI over a period of 4 years. Plaintiff believes that certain of the yarns it bought from KFI were falsely labeled, and specifically, that these yarns did not contain the amounts of cashmere stated on their labels.

Before the Court entered a stay of discovery on May 25, 2010, Plaintiff had served discovery and filed discovery motions as follows:

1. TO KNITTING FEVER, INC.

- Amended First Set of Interrogatories
- First Set of Requests for Admission
- Second Set of Requests for Admission
- Third Set of Requests for Admission
- Fourth Set of Requests for Admission
- Fifth Set of Requests for Admission
- Sixth Set of Requests for Admission
- Seventh Set of Requests for Admission
- Eighth Set of Requests for Admission
- Ninth Set of Requests for Admission
- First Request to Enter, Inspect, and Sample
- First Set of Requests for Production
- Second Set of Requests for Production
- Third Set of Requests for Production

---

[1] In addition to Defendants bringing the instant motion, TKW originally included causes of action against Designer Yarns, Ltd., Mrs. Diane Elalouf, and Ms. Debbie Bliss. Those Defendants have been dismissed by the Court at various points in the litigation. TKW has also named Eisaku Noro & Co., Ltd. as a defendant in one of the consolidated cases.

-2-

- Fourth Set of Requests for Production
- Fifth Set of Requests for Production
- Sixth Set of Requests for Production
- Seventh Set of Requests for Production
- Eighth Set of Requests for Production
- Ninth Set of Requests for Production
- Tenth Set of Requests for Production
- Eleventh Set of Requests for Production
- Twelfth Set of Requests for Production
- Thirteenth Set of Requests for Production
- Fourteenth Set of Requests for Production

2. TO SION ELALOUF
   - First Set of Interrogatories
   - First Set of Requests for Admission
   - Second Set of Requests for Admission
   - First Set of Requests for Production

3. TO JAY OPPERMAN
   - First Set of Interrogatories
   - First Set of Requests for Admission
   - First Set of Requests for Production

4. TO JEFF DENECKE
   - First Set of Interrogatories
   - First Set of Requests for Admission
   - First Set of Requests for Production

-3-

5. DISCOVERY MOTIONS

- Motion for Protective Order
- First Motion to Compel
- Second Motion to Compel and for Sanctions
- Motion for Reconsideration
- Motion to Compel and for Sanctions
- Third [sic] Motion to Compel and For Sanctions
  Motion for Relief from Limited Stay on Discovery
- Motion for Reconsideration
- Fourth [sic] Motion to Compel
- Motion to Strike Denials of KFI and Deem Matters Admitted
- Fifth [sic] Motion to Compel[2]

While KFI was ordered to produce documents in response to a limited number of document requests, the vast majority of TKW's motions were denied in their entirety. *See, e.g.*, Dkt. Entry Nos. 46, 85, 93, 125. In addition, the Court precluded TKW from serving any more interrogatories in this consolidated action. *See* Dkt. Entry No. 48.

On April 27, 2011, the Court lifted the discovery stay, and Plaintiff continued apace with its discovery efforts, now channeling its efforts away from interrogatories (given the Court's prohibition) and instead serving seriatim requests for the production of documents and requests for admission. Specifically, in the past seven weeks, Plaintiff has served the following discovery and filed the following motions:

---

[2] In addition, Plaintiff served Diane Elalouf, who was eventually dismissed from the litigation, with a First Set of Interrogatories and First Set of Requests for Production.

-4-

1. TO KNITTING FEVER, INC.

    - Fifteenth Set of Requests for Production
    - Sixteenth Set of Requests for Production
    - Tenth Set of Requests for Admission
    - Eleventh Set of Requests for Admission

2. TO FILATURA PETTINATA

    - First Set of Requests for Production[3]
    - Third [sic] Set of Requests for Production
    - First Set of Requests for Admission
    - Second Set of Requests for Admission
    - Third Set of Requests for Admission

3. MOTIONS

    - Motion for Clarification of Scope of Discovery
    - Renewed Second Motion for Sanctions

All told Plaintiff has served, to date, 609 individual interrogatories, 832 individual requests for production, 810 individual requests for admission, and 7 subpoenas, and has filed no fewer than 15 discovery motions with respect to its claims regarding its purchase of $9,702.50 of yarn. The Court has set a trial date for May 21, 2012, and fact discovery is set to close on November 15, 2011.

---

[3] Despite the unreasonableness of Plaintiff's cumulative discovery to date, Defendants do not object wholesale to the notion of some focused discovery to each Defendant. In that vein, Filatura provided objections and responses to this set of Requests for Production on June 20, 2011. Sion Elalouf also responded to the Second Set of Requests for Admission addressed to him and Defendant Filatura will respond to the First Set of Requests for Admission directed to it. This motion does not seek relief from responding to those requests.

Both parties are prepared to resume discovery (and, as noted, Plaintiff is already back in full swing), but the parties disagree as to the best manner in which to do so. Plaintiff seeks to continue its pattern of propounding burdensome, duplicative, and inappropriate requests in its scorched-earth approach to litigation. *See, e.g.*, Dkt. Entry No. 260 (seeking order that "Plaintiff may, without restriction, issue any form of discovery" directed to the allegations against Knitting Fever, Inc., Mr. Elalouf, and Mr. Opperman) (denied without opinion by Dkt. Entry No. 272 at ¶6). Defendants understand that Plaintiff is entitled to take some discovery, but the rules under which Plaintiff is authorized to do so "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Defendants had hoped that each party could revisit its discovery needs in view of the currently modified set of claims and parties, propound a reasonable number of non-duplicative discovery requests regarding the claims and facts still remaining in the litigation, and proceed with an orderly resumption of discovery. Plaintiff, however, would not agree to this approach, accused defendants of engaging in a "Stalingrad defense," and then resumed its prior pattern of propounding dozens of discovery requests and moving for sanctions for alleged deficiencies.

In view of Plaintiff's flat rejection of any plan aimed at more efficiently completing the necessary discovery in this matter, and facing the prospect of five more months of Plaintiff's burdensome, duplicative, and inappropriate discovery requests and motions, Defendants are left with no choice but to seek the protection of this Court.[4] Specifically, Defendants seek a

---

[4] Defendants acknowledge that KFI has been subjected to the lion share of Plaintiff's discovery requests to date. Each Defendant, however, has been significantly burdened by Plaintiff's unyielding discovery requests. In addition, as discussed *infra*, if TKW is precluded or limited in directing additional discovery to KFI, history suggests that it will simply direct its discovery at another victim. To prevent unnecessary duplicative motions, and to achieve a fair and reasonable scope of discovery to govern the remainder of the discovery period, all Defendants bring the instant motion.

Protective Order relieving them of the obligation to respond to the currently pending discovery, an Order directing Plaintiff to re-consider the discovery necessary to prepare this case for trial, and providing for a limited and reasonable number of requests for admission and twenty-five (25) requests for production in this consolidated action.

II. **ARGUMENT**

A. **Legal Standards Applicable to Protective Orders**

Generally speaking, the Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1). Nevertheless, "[w]hile broad, discovery is not boundless." *Gateway Eng'rs, Inc. v. Edward T. Sitarik Contr., Inc.*, No. 09-209, 2009 U.S. Dist. LEXIS 94351, at *5 (W.D. Pa. Oct. 9, 2009); *Langbord v. U.S. Dep't of Treasury*, No. 06-5315, 2008 U.S. Dist. LEXIS 85533, at *22-23 (E.D. Pa. Oct. 20, 2008) ("Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to 'go fishing' . . . .") (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). Instead, Rule 26, like all other Federal Rules of Civil Procedure, must "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Rule 26 gives trial courts discretion to limit, for good cause, the scope of discovery when it would result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly . . . ."). Consequently, courts have the authority to place limitations on the frequency or extent of the discovery methods employed. Fed. R. Civ. P. 26(b)(2)(A). In fact, Rule 26 requires a court to limit discovery if it determines that:

-7-

(i) [T]he discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

*Id.* Indeed, the Federal Rules of Civil Procedure "confer[] broad powers on the courts to regulate or prevent discovery even though the materials sought are within the scope of 26(b), and these powers have always been freely exercised." Fed. R. Civ. P. 26(b) advisory committee's notes to the 1970 amendment.

**B. Plaintiff Is Precluded From Propounding Additional Interrogatories**

As an initial matter, it is important to note that the Court has already held that Plaintiff exceeded its discovery rights with respect to Interrogatories. In contravention of the Federal Rules, Plaintiff submitted a total of 609 Interrogatories to Defendants under the guise of "subparts" and "subparts to the subparts."[5] The Court held that "Plaintiff's First Set of Interrogatories clearly exceeds the twenty-five count limit set forth in Federal Rule of Civil Procedure 33(a)(1) by including subparts and sub-subparts that are often logically and/or factually independent of the question posed by the basic interrogatory." *See* Dkt. No. 48 at n. 2. The Court, therefore, ruled that Plaintiff is "not [] permitted to serve any further interrogatories in these consolidated matters." *Id.* at ¶ 3. Unfortunately, in the wake of the Court's preclusion

---

[5] Plaintiff propounded a first set of interrogatories to Defendant Knitting Fever (containing 220 interrogatories), Defendant Diane Elalouf (containing 107 interrogatories), Defendant Jeff Denecke (containing 128 interrogatories), Defendant Jay Opperman (containing 98 interrogatories), and Defendant Sion Elalouf (containing 56 interrogatories).

-8-

of the service of further interrogatories, Plaintiff only redirected its unreasonable requests into other forms of discovery.

## C. Plaintiff's 810 Requests for Admission Are Unduly Burdensome and Oppressive

Rule 36 of the Federal Rules of Civil Procedure permits a party to serve requests to admit any discoverable matter relating to "facts, the application of law to fact, or opinions about either, and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). In essence, requests for admissions are a "simplified procedure that should require minimal response and explanation as well as rarely requiring reliance on documentation of facts outside of the requests themselves." *Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.*, No. 03-57, 2007 U.S. Dist. LEXIS 32228, at *6 (W.D. Pa. May 1, 2007). Because requests for admissions serve a very different function from interrogatories, a party's attempt to cast interrogatories as admissions is "both an abuse of the discovery process and an improper attempt to circumvent [rules governing] the number of interrogatories." *Misco, Inc. v. Fielder*, 784 F.2d 198, 206 (6th Cir. 1986) (striking all but 18 of plaintiff's 1,440 requests for admission after determining that the requests were actually interrogatories); *see also Martin Marietta Materials, Inc.*, 2007 U.S. Dist. LEXIS 32228, at *7 (granting a protective order as to the majority of plaintiff's 654 requests for admissions because of improper form).

When requests to admit become "so voluminous and so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome," a court may issue a protective order under Rule 26(c). Fed. R. Civ. P. 36(a) advisory committee's notes to the 1970 amendment; *see also* Fed. R. Civ. P. 26(b)(2)(A) (stating that the "court may also limit the number of requests under Rule 36"); *see Gannon v. United States*, No. 03-6626, 2006 U.S. Dist. LEXIS 74308, at *3 (E.D. Pa. Oct. 6, 2006) ("[R]equests for admissions should not be of such great number and broad scope as to cover all issues of a complex case, and obviously

-9-

improper use of the discovery device. By way of example, Plaintiff seeks the identity of Defendants' expert(s) without regard for the specific timing obligation for such disclosure under Fed. R. Civ. P. 26(a)(2)(D). Because the Court would not order Defendants to identify their experts prior to the deadlines imposed by the Federal Rules of Civil Procedure, Plaintiff instead issued 18 requests for admission that KFI has not retained nine (9) different potential experts to testify on its behalf in this matter. *See* Eleventh Set of Requests for Admission Addressed to Knitting Fever, Inc. These types of blatant attempts to circumvent orders of the Court and the Federal Rules of Civil Procedure are plainly outside the permissible scope of requests for admission. *See* Fed. R. Civ. P. 36(a)(1). Accordingly, Defendants respectfully request that the Court grant a Protective Order as to all outstanding requests for admission and impose a reasonable limitation on the number of additional requests, if any, that Plaintiff may propound in this litigation pursuant to Fed. R. Civ. P. 26(b)(2)(A).

**D.  Plaintiff's 832 Requests for Production of Documents are Unduly Burdensome and Disproportionate to the Needs of the Case and Amount in Controversy**

Plaintiff's rampant abuse of discovery devices extends to requests for production as well.

To date, Plaintiff has propounded over twenty (20) different *sets* of requests for production including sixteen (16) directed to Knitting Fever, Inc. alone. Cumulatively, these requests for production include over 830 different requests. In addition to being objectionable as to form, including many which are overly broad and unduly burdensome,[7] not reasonably limited in time

---

[7] *See, e.g.,* Sixteenth Set of Requests for Production to Knitting Fever, Inc. (seeking all documents relating to the "introduction into US commerce" of thirteen different yarns without regard for the relevance of any particular document).

and scope,[8] and not reasonably calculated to lead to the discovery of admissible evidence,[9] the burden imposed by over 800 requests for production arising from the sale of $9,000 of allegedly mislabeled yarn is inherently unreasonable. *See* Fed. R. Civ. P. 26(b)(2)(c)(iii) (stating that a court must limit the frequency or extent of discovery if it determines that the burden outweighs the likely benefit when considering, among other things, "the needs of the case [and] the amount in controversy").

Defendants are further unreasonably burdened by not only the outrageous number of requests but also by Plaintiff's seriatim service of requests for production. Plaintiff did not serve one set of requests for production that would permit the producing party to conduct one search of responsive documents. Instead, Plaintiff has served, in the case of Knitting Fever, Inc., sixteen (16) separate *sets* of requests for production requiring repetitive, duplicative, and time-consuming searches. Plaintiff's repetitive requests are wasteful, harassing, and constitute significant interference to the corporate Defendants' ability to operate their business in an orderly fashion. Defendants respectfully request that the Court grant a Protective order as to all outstanding requests for production and limit Plaintiff to one (1) additional set of requests for production that is limited to twenty-five (25) requests for production.

---

[8] *See* Fifteenth Set of Requests for Production to Knitting Fever, Inc. No. 7 (seeking production of all documents from January 1, 2001 to September 30, 2008 relating to a legislative definition of cashmere enacted on January 1, 2007).

[9] *See* Fifteenth Set of Requests for Production to Knitting Fever, Inc. No. 10 (seeking production of all documents "related to any sale occurring after January 1, 2007 by you or by anyone acting on your behalf of any quantity" of four different brands of yarn). TKW also propounds "requests for production" for information that is properly the subject of an interrogatory. *See, e.g.*, Thirteenth Set of Requests for Production to Knitting Fever, Inc. No. 10 ("All documents possessed by, available to or within the control of the Defendant dated between October 16, 2006 and September 2, 2008 explaining how reports of fiber analysis conducted on *Debbie Bliss Cashmerinos* demonstrate both an absence of cashmere and the presence of a surplus acrylic content when compared to the labeled fiber content of those yarns.").

## III. CONCLUSION

Given the sheer number of Plaintiff's Interrogatories, Requests for Admissions, and Requests for Documents, as well as their repetitiveness, overbreadth, and the remoteness of their relevance, it would be grossly oppressive and unduly burdensome for Defendants to respond to this discovery. Accordingly, Defendants ask that this Court invoke its inherent authority to control discovery, grant a Protective Order as to all of Plaintiff's outstanding discovery requests, and limit Plaintiff to a reasonable number of requests for admission and twenty-five (25) requests for production.

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ Joanna J. Cline
Joshua R. Slavitt
Joanna J. Cline
Noah S. Robbins
3000 Two Logan Square
Philadelphia, PA 19103
(215) 981-4000
(215) 981-4750 (fax)

Dated June 23, 2011

Attorneys for Defendant
Knitting Fever, Inc.

-13-

## CERTIFICATION OF COUNSEL

I, Joanna J. Cline, hereby certify that pursuant to Local Rule 26.1(f), the foregoing Motion for a Protective Order was filed only after the parties, after reasonable efforts, were unable to resolve the dispute.

/s/ Joanna J. Cline
Joanna J. Cline

## CERTIFICATE OF SERVICE

I, Joanna J. Cline, hereby certify that on the date set forth below I caused to be served Defendants' Motion for a Protective Over upon counsel for the Plaintiff, The Knit With, via CM/ECF notification.

Date: June 23, 2011

/s/ Joanna J. Cline
Joanna J. Cline