IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE KNIT WITH, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KNITTING FEVER, INC., | : | |
| DESIGNER YARNS, LTD., | : | |
| FILATURA PETTINATA V.V.G. DI | : | |
| STEFANO VACCARI & C., SION | : | NO. 08-4221 |
| ELALOUF, DIANE ELOUF, JEFFREY J. | : | |
| DENECKE, JR., JAY OPPERMAN, and | : | |
| DEBBIE BLISS, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| THE KNIT WITH, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EISAKU NORO & CO., LTD., | : | |
| KNITTING FEVER, INC., | : | |
| SION ELALOUF, DIANE ELALOUF, | : | NO. 08-4775 |
| and JAY OPPERMAN, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this *4th* day of *October*, 2012, upon consideration of Plaintiff The Knit With's Rule 12(h) Suggestion of Lack of Jurisdiction (Docket No. 411) and the Response of Defendant Knitting Fever, Inc. (Docket No. 412), it is hereby **ORDERED** that the Rule 12(h) Suggestion is **DENIED** and that the Court retains subject-matter jurisdiction over the remaining counterclaims

in this case.[1]

BY THE COURT:

  s/ Ronald L. Buckwalter
RONALD L. BUCKWALTER, S.J.

---

[1] Plaintiff contends that because the counterclaims are grounded entirely in state law with no independent basis for federal jurisdiction, and because all claims over which the Court had original jurisdiction have been dismissed, the Court should decline to exercise supplemental jurisdiction over these counterclaims.

The Court disagrees. Assuming, without deciding, that the Court does not have original jurisdiction over the counterclaims based on diversity under 28 U.S.C. § 1332, the Court nonetheless finds that supplemental jurisdiction is appropriate. Under 28 U.S.C. § 1367, "a district court has authority to exercise supplemental jurisdiction over non-federal claims arising from the same case or controversy as the federal claim." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003). "The purpose of supplemental jurisdiction is to promote convenience and efficient judicial administration." Resnick v. Lower Burrell Police Dept., No. Civ.A.09-893, 2010 WL 88816, at *3 (W.D. Pa. Jan. 8, 2010). When the district court dismisses all of the claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). In order to determine whether supplemental state law claims should be dismissed when the federal law claims have been eliminated before trial, the court must consider the balance of factors including judicial economy, convenience, fairness, and comity. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

The present case has been pending in federal court for more than four years. During that time, the Court has issued innumerable legal opinions and orders, many of which involved the very facts upon which the counterclaims are based. The federal claims were fully eliminated from this case less than two months ago. As almost all pertinent legal issues have been addressed, the case is ripe for an immediate trial without any further delay. Plaintiff now stands hard-pressed to now argue that considerations of judicial economy, convenience, fairness, and comity would be well-served by the last minute dismissal of the remaining counterclaims, solely for the purpose of allowing Plaintiff to immediately appeal the dismissal of its own claims. Struck by the blatant illogic of this position, the Court rejects Plaintiff's Motion and exercises its discretion to retain supplemental jurisdiction over the counterclaims.