THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**The Knit With**, *a Pennsylvania Partnership*,
    *Plaintiff*,
vs.
**Knitting Fever, Inc.**, *a New York corporation*,
**Designer Yarns, Ltd.**, *a corporation of England*,
**Filatura Pettinata V.V.G**. *Di Stefano Vaccari & C.*
    **(S.A.S. )**, *a company of Italy*,
**Sion Elalouf** and **Diane Elalouf**, *of New York*,
**Jeffrey J. Denecke, Jr.**, *of New York*,
**Jay Opperman**, *of New Jersey*,
**Debbie Bliss**, *of England*,
    *Defendants*.

Civil Action

No. 02: 08 - CV - 04221

Lead Case

## PLAINTIFF'S SUR REPLY IN OPPOSITION TO DEFENDANTS' PETITION TO MOTION FOR FEES AND COSTS PURSUANT TO 28 U.S.C. §1927

Pursuant to the Court's leave, [1] The Knit With, sur-replies to Defendants' Petition pursuant to 28 U.S. §1927.

### I. INTRODUCTION.

Defendants demonstrate disregard of the Court's leave limiting the requested petition to §1927; admit an inability to meet the §1927 standard; disregard §1927 policies and 4.) chide Plaintiff's counsel for not responding to a motion not yet filed. The Court should deny Defendants Petition on all grounds.

### II. ARGUMENT.

#### A. Defendants Admit Disregard of Leave for a Petition Limited to §1927.

Defendants admit disregard of the Court's grant of a requested leave to petition pursuant to 28 U.S.C. §1927. *Compare*, Doc. 433 at 2 (sanctions sought pursuant to §1927, LOCAL RULE

---

[1] <u>See</u>, Doc. 435.

83.6.1(b) or the Court's inherent power.) and Doc. 427 at 2 (leave to petition to file §1927 motion).

As discussed more fully below, Defendants purposefully expand the leave granted to cure the tacit admission their §1927 Petition is fatally flawed. To recover from these defects Defendants' Reply relies upon caselaw decided under both RULE 11 [2] and FED. R. CRIM. PRO. 42(a). [3]

Defendants purposefully cobble onto §1927 diverse sanctions mechanisms because they can not show Plaintiff's counsel caused any "intentional and unnecessary delay in the proceedings" – the admitted object of §1927. [4] For example, Defendants acknowledge LOCAL RULE 83.6.1(b) is 'somewhat broader in scope' than §1927 but claim the two sanctions provisions "are in all material respects equivalent" without explaining how that which is broader is equivalent to that which is narrower. Similarly, RULE 11 caselaw seeks to bridge reliance upon *Ferguson v. Valero Energy Corp.*, 2010 U.S. Dist. LEXIS 53198 (E.D. PA, 2010) – a decision adverse to Defendants' position. Further, FED. R. CRIM. PRO. 42(a) caselaw is invoked because the Discovery Master rejected Defendants' contention concerning discovery of facts in common with the *KFI v. Coats Holdings* litigation; tellingly, Defendants fail to cite any Order so broadly worded as they claim.

The Court should deny the Petition for exceeding the Court's leave.

**B.      Defendants Disregard the §1927 Standard.**

Defendants admit a §1927 Petition is directed to delay [5] but disregard that legal standard.

---

[2] **Reply Brief, Doc. 433 at 8, citing Simmerman v. Corino, 27 F.3d 58 (CA3, 1994)(Vacating sanctions imposed three months after final judgment as violation of Penserio supervisory rule.**

[3] **Id., at 13, citing Commonwealth of Pa. v. Local Un. 542, Int'l. Un. of Op. Eng'rs., 552 F. 2d 498 (CA3, 1977)(Contempt citations issued pursuant to FED. R. CRIM. PRO. 42(a)**

[4] **Id., at 4 citing In Re: Schaefer Salt Recovery, Inc., 542 F.3d 90, 101(CA 3, 2008).**

[5] **Id., at 5.**

The first element to succeed to a §1927 Petition is a showing of multiplied proceedings – more commonly termed delay. *See*, *In Re: Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101(CA 3, 2008)(Section 1927 "requires a court to find an attorney has (1) multiplied proceedings.). Defendants can not show any delay caused by Plaintiff's counsel. Rather, they contend – without citation to any authority – that delay is not limited to a temporal metric.

Delay is legally defined as a temporal consideration – "the ***period*** during which something is postponed or slowed." *See*, BLACK'S LAW DICTIONARY, 7th Edition, 1999 at 3 (*emphasis supplied*). Third Circuit precedents repeatedly identify §1927 sanctions principally focus upon delay. *See*, *Zuk v. Eastern Pa. Psychiatric Inst. of the Med. College of Pa.*, 103 F.3d 294, 297 (CA 3, 1996)(Principal §1927 purpose is deterrence of intentional and unnecessary delay.). By silence, Defendants tacitly admit they can not show any delay caused by Plaintiff's counsel.

Instead, Defendants contend the standard provides for alternative, not cumulative, factors. This strained construction is belied by the §1927 language. The statute demonstrates Congress' foremost concern is conduct which multiplies proceedings. The judicially determined elements for §1927 relief are not stated in the alternative but are cumulative. *See*, *Schaefer Salt*, at 101. Failing to show any delay caused by TKW's counsel, the pending §1927 Petition necessarily fails.

**C.  Defendants Disregard Countervailing Policies Affecting §1927 Sanctions.**

Defendants contend §1927 sanctions are divorced from important countervailing policies, such as petitioner's delay, [6] chilling vigorous advocacy [7] or judicial discretion.

For example, Defendants disclaim the persuasive *Klein Tools, Inc*. holding suggests decision

---

[6]  **Id., at 9 disputing, without discussion, application of Murphy v. Klein Tools, Inc., 123 F.R.D. 643, 647 (D.C. KS, 1988).**

[7]  **Id., at 2.**

of their Petition.  Similarly, Defendants decry discussion of how their closest attempt to show delay (dismissal of TKW's warranty claims) rings hollow when considered against the *Klein Tools, Inc*. holding – which appears to be 'on all fours' with the pending Petition. [8]

At bottom, Defendants pray §1927 be converted into an amorphous, omnibus prevailing-party remedy for fee relief. This contention undermines the 'American Rule' that litigants pay their own attorney's fees. *See*, *Alyeska Pipeline Co. v. Wilderness Soc'y.,* 421 U.S. 240, 249-250 (1975) (General practice of the United States is in oposition [*sic*] to (judicially-created fee shifting); even if that practice were not strictly correct in principle, it is entitled to the respect of the court, till it is changed, or modified, by statute.), *quoting Arcambel v. Wiseman*, 3 U.S. 306 ( Dall., 1796); *see also*, *Ford v. Temple Hosp*., 790 F.2d 342, 346 (CA 3, 1986).

Defendants' plea fails under §1927.  *See*, *Alyeska*, at 269 (Approach taken by Congress to award of attorney's fees to prevailing party has been to carve out specific exceptions to a general rule that federal courts cannot award attorneys' fees beyond the limits of 28 U.S.C. 1923; courts are not free to fashion drastic new rules with respect to the allowance of attorneys' fees to the prevailing party.). Unlike other sanctions provisions, §1927 requires a showing of delay. *Id*., at 262 (Circumstances under which attorneys' fees are to be awarded, and the range of discretion of the courts in making those awards, are matters for Congress to determine.).  Contention §1927 utilizes alternative standards is unfaithful to the statute's plain words.

The Court should deny the §1927 Petition as conflicting with countervailing policies of vigorous client advocacy, Defendants own delay and as undermining the 'American Rule' on fees.

---

[8] **Defendants misconstrue discussion of the 'Sales History' document exhibited to the 2012 Denecke Declaration (Doc. 365 at Exhibit A).  Discussion of that document does not re-litigate the Court's dismissal of TKW's warranty claims but applies the Klein Tool decision to this case.**

### D. No Response Is Yet Due to Defendants Proposed Motion.

Defendants castigate TKW for not responding to the proposed §1927 motion.[9] Plaintiff's counsel remains mindful the Court granted Defendants leave to petition for §1927 sanctions but has yet to accept the proposed sanctions motion as Defendants own Petition acknowledges.[10] Should response to the proposed §1927 motion be deemed necessary, an appropriate response will be filed.

### III. CONCLUSION.

Plaintiff respectfully submits Defendants's Petition is permeated with numerous fatal flaws which the Court must not embrace. Alternatively, should the Court deem Defendants' Petition sufficient under §1927 – which it is not – Plaintiff's counsel will timely respond according to the Order issued by the Court.

Respectfully Submitted,

LAW OFFICE OF JAMES F. CASALE

BY: _____
James F. Casale, Esquire
PA Attorney ID: 83373
8226 Germantown Avenue
CHESTNUT HILL, PA 19118-3402
215 - 247 - 4726
JFCasaleEsq@msn.com

DATED : 22 January, 2013        Counsel for Plaintiff, The Knit With

002.108-01: 04 P&O No. 38: TKW Sur Reply Defendants' Petition for §1927 Fees and Costs.

---

[9] See, Doc. 433 at 2.

[10] See, Doc. 428-2.

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **The Knit With**, *a Pennsylvania Partnership*,<br>    Plaintiff,<br>vs.<br>**Knitting Fever, Inc.**, *a New York corporation*,<br>**Designer Yarns, Ltd.**, *a corporation of England*,<br>**Filatura Pettinata V.V.G. Di Stefano Vaccari & C.**<br>    **(S.A.S. )**, *a company of Italy*,<br>**Sion Elalouf** and **Diane Elalouf**, *of New York*,<br>**Jeffrey J. Denecke, Jr.**, *of New York*,<br>**Jay Opperman**, *of New Jersey*,<br>**Debbie Bliss**, *of England*,<br>    Defendants. | Civil Action<br><br>No. 02: 08 - CV - 04221<br><br>Lead Case |

## CERTIFICATE OF SERVICE

I, James F. Casale, Esquire, attorney for Plaintiff, The Knit With, hereby certify that, on the date set forth below, by electronic filing with the U.S. District Court for the Eastern District of Pennsylvania, I caused to be served to counsel for Knitting Fever, Inc., Filatura Pettinata V.V.G. di Stefano Vaccari & C. (S.A.S.), Designer Yarns, Ltd., Sion Elalouf, Diane Elalouf, Jeffrey Denecke, Debbie Bliss and Jay Opperman, the Brief in Sur Reply of The Knit With opposing Defendants' Petition to motion for fees and costs pursuant to 28 U.S.C. §1927.

Respectfully Submitted,

LAW OFFICE OF JAMES F. CASALE

BY: _____
James F. Casale, Esquire
PA Attorney ID: 83373
8226 Germantown Avenue
CHESTNUT HILL, PA 19118-3402
215 - 247 - 4726
JFCasaleEsq@msn.com

**DATED :** 22 January, 2013       Counsel for Plaintiff, The Knit With

002.108-01: 04 P&O No. 38: TKW Sur Reply  Defendants' Petition for §1927 Fees and Costs.