IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE KNIT WITH, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KNITTING FEVER, INC., | : | |
| DESIGNER YARNS, LTD., | : | |
| FILATURA PETTINATA V.V.G. DI | : | |
| STEFANO VACCARI & C., SION | : | NO. 08-4221 |
| ELALOUF, DIANE ELOUF, JEFFREY J. | : | |
| DENECKE, JR., JAY OPPERMAN, and | : | |
| DEBBIE BLISS, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| THE KNIT WITH, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EISAKU NORO & CO., LTD., | : | |
| KNITTING FEVER, INC., | : | |
| SION ELALOUF, DIANE ELALOUF, | : | NO. 08-4775 |
| and JAY OPPERMAN, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this *26th* day of *March*, 2013, upon consideration of the Motion by

Defendants Knitting Fever, Inc. ("KFI"), Filatura Pettinata V.V.G. di Stefano Vaccari & C.

(S.A.S.) ("Filatura"), Designer Yarns, Ltd., Sion Elalouf, Diane Elalouf, Debbie Bliss, Jeffrey

Denecke, and Jay Opperman (collectively "Defendants") for Sanctions Pursuant to 28 U.S.C. §

1927 (Docket No. 438) and the Response of Plaintiff's Counsel, James Casale (Docket No. 439),

it is hereby **ORDERED** that the Motion is **DENIED**.[1]  The Clerk of Court shall mark this case

---

[1] Sanctions under 28 U.S.C. § 1927 are available against any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. This section requires a court to find the attorney has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the costs of the proceedings; and (4) doing so in bad faith or by intentional misconduct." In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002). Courts should exercise this sanctioning power "only in instances of a serious and studied disregard for the orderly process of justice." LaSalle Nat'l Bank v. First Conn. Holding Grp., 287 F.3d 279, 288 (3d Cir. 2002) (quotations omitted). Moreover, courts must find willful bad faith, which is indicated in part by "findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." In re Prudential, 278 F.3d at 188 (quoting Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO, 829 F.2d 1370, 1375 (6th Cir. 1987)). Given the potential chilling effect such sanctions can create, "the statute should be construed narrowly and with great caution." LaSalle Nat'l Bank, 287 F.3d at 289.

    At first blush, this Court was inclined to award sanctions against Plaintiff's counsel, James Casale. As noted by Defendants, the genesis of this action was Plaintiff The Knit With's purchase of $9,702.50 of knitting yarn from Defendant Knitting Fever, Inc., which it claimed did not contain the labeled amount of cashmere. Plaintiff's relatively simply core claim, however, then exploded into a complaint involving allegations of breach of warranty, Lanham Act violations, and racketeering practices against not only the distributor of the yarns, but a multitude of foreign companies and individuals, many of whom had only a tangential relationship to the main issues. Litigation of this case stretched over the course of four and a half years with almost 450 docket entries and close to 400 pages of court-issued opinions. During this time, Mr. Casale repeatedly (a) served overreaching discovery requests that sought irrelevant personal information; (b) engaged in rampant motion practice seemingly in efforts to either increase the attorneys fees recoverable under the RICO statute or obtain sanctions against Defendants; (c) twice sought to disqualify defense counsel; (d) submitted, as exhibits, affidavits not grounded in fact; and (e) often took creative advocacy to the brink of misrepresentation of the law. Ultimately, after having already dismissed many causes of actions and defendants throughout the course of the litigation, the Court granted summary judgment on the remaining claims in the summer of 2012.

    Nonetheless, mindful of the restraint and discretion with which the inherent power to sanction must be invoked, the Court declines to grant Defendants' Motion. As a primary matter, the Court cannot disregard the fact that the ultimate issues—whether the yarns-in-suit contained the labeled amount of cashmere and whether some Defendants purposely sold the yarns despite knowing of this mislabeling—were never resolved. Rather, the warranty claims were dismissed on statute of limitations grounds, while the RICO claims were dismissed on standing grounds for failure to show actual damages. Given the manner in which this case concluded, the Court cannot clearly find that Mr. Casale filed a meritless suit for the purpose of harassing Defendants—*i.e.*, that Mr. Casale acted in bad faith. Moreover, the Court must note that defense counsel, while perhaps baited by Mr. Casale's own tactics, bears some responsibility for the protracted nature of these proceedings. In lieu of taking the higher ground and working to disprove the substantive issues on their merits, Defendants interrupted the forward-progress of

**CLOSED**.

It is so **ORDERED**.

BY THE COURT:


 *s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.

---

the case by, for example, attacking Plaintiff's standing under a real party in interest theory, complicating Plaintiff's service of the foreign defendants thus requiring court intervention, seeking and obtaining a discovery stay, and challenging Plaintiff's efforts to retain their choice of outside counsel. Aside from exacerbating the delay, such tactics only fueled the ever-mounting animosity between the parties.

Overall, the Court simply cannot find that Defendants met their substantial burden in proving entitlement to § 1927 sanctions under the standard set forth above. Accordingly, the Court denies Defendants' Motion, orders this case closed, and notes that no issue of merit should preclude Plaintiff from proceeding with its appeal to the United States Court of Appeals for the Third Circuit.