IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE KNIT WITH** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **KNITTING FEVER, INC.,** | : | |
| **DESIGNER YARNS, LTD.,** | : | |
| **FILATURA PETTINATA V.V.G. DI** | : | |
| **STEFANO VACCARI & C., SION** | : | |
| **ELALOUF, DIANE ELALOUF, JEFFREY J.** | : | |
| **DENECKE, JR., JAY OPPERMAN,** | : | |
| **and DEBBIE BLISS** | : | **NO. 08-4221** |

_____

| | | |
|---|---|---|
| **THE KNIT WITH** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **EISAKU NORO & CO., LTD.,** | : | |
| **KNITTING FEVER, INC.,** | : | |
| **SION ELALOUF, DIANE ELALOUF,** | : | |
| **and JAY OPPERMAN** | : | **NO. 08-4775** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                      **December 21, 2016**

In what should be the final chapter of this protracted litigation punctuated by acrimony and questionable tactics, plaintiff The Knit With ("TKW") has moved for review of the Clerk's taxation of costs in favor of the defendant, Knitting Fever, Inc. ("KFI"), pursuant to Rule 54(d)(1). TKW's two principal arguments are that the RICO statute[1] does not allow a prevailing defendant to recover costs and that KFI was not a prevailing party.

---

[1] 18 U.S.C. § 1964(c).

After a review of the record, we determine that neither TKW nor KFI qualifies as a prevailing party. Even if KFI were deemed a prevailing party, we would disallow costs based on Judge Buckwalter's finding that defense counsel engaged in conduct that unnecessarily prolonged the case and heightened the animosity.[2] Therefore, reviewing the Clerk's taxation of costs *de novo*,[3] we shall vacate the Clerk's taxation and deny costs.

**Background**

TKW sued KFI, its officers and directors, and several foreign manufacturers of yarn in September and October 2008, alleging that its business was harmed when it sold mislabeled yarn it had purchased from the defendants.[4] The complaints in both actions included claims for false advertising, common law unfair competition, state law breach of warranty, and civil racketeering. KFI filed counterclaims for defamation, disparagement, and tortious interference with business relationships.[5] TKW's claims for false advertising and unfair competition were dismissed.[6] Summary judgment was later granted in favor of KFI on the civil racketeering and breach of warranty claims.[7] Three of four counterclaims were dismissed and summary judgment was granted in favor of

---

[2] This case was reassigned after Judge Buckwalter retired and TKW moved for review of the Clerk's taxing costs.

[3] *Camesi v. Univ. of Pittsburgh Med. Cent.*, 818 F.3d 132, 136 (3d Cir. 2016) (citing *In re Paoli Yard PCB Litig.*, 221 F.3d 449, 461 (3d Cir. 2000)); *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 287 (3d Cir. 2010) (quoting *McKenna v. City of Phila.*, 582 F.3d 447, 454 (3d Cir. 2009) and citing *In re Paoli Yard*, 221 F.3d at 461).

[4] Compl. (Civ. A. No. 08-4221, Doc. No. 1); Compl. (Civ. A. No. 08-4775, Doc. No. 1). Documents from the record refer to Civ. A. No. 08-4221, unless otherwise noted.

[5] Answer at ECF 26–30 (Doc. No. 15).

[6] Order at ECF 5–6 (Doc. No. 13-2); Order (Doc. No. 34); Order at ECF 9–10 (Civ. A. No. 08-4775, Doc. No. 10).

[7] Orders (Doc. Nos. 401, 403).

TKW on the fourth for commercial disparagement.[8]  After more than four years of litigation, judgment was entered in favor of KFI and against TKW on all remaining causes of action.[9]

Although judgment was entered in favor of KFI on the breach of warranty and racketeering claims, Judge Buckwalter noted that the substantive issues regarding the mislabeling of yarns had never been resolved.[10]  Because there was no decision on whether the defendants had mislabeled the yarn, neither TKW nor KFI prevailed on the core issue.

TKW appealed the judgment.  The Third Circuit affirmed the judgment and awarded appellate costs to defendant KFI.  In April 2016, TKW's petition for *certiorari* to the United States Supreme Court was denied.  KFI submitted its bill of costs in this court on June 29, 2016.[11]

**Analysis**

Rule 54 allows costs to a prevailing party unless precluded by statute, a rule or court order.  Fed. R. Civ. P. 54(d)(1).  If there is no prohibition against taxing costs, we must determine if the party seeking costs was a prevailing party.  If so, we then decide what costs are allowable under 28 U.S.C. § 1920.

There is no statute or rule that disallows costs in this case.  Contrary to TKW's contention, the RICO statute does not prohibit awarding costs to a prevailing defendant.

---

[8] Orders (Doc. Nos. 200, 426).

[9] Order (Doc. No. 403).

[10] For example, the civil racketeering and breach of warranty claims failed due to lack of standing and statute of limitations grounds, respectively.  Order at n.1 (Doc. No. 446).

[11] Bill of Costs (Doc. No. 449); Bill of Costs (Civ. A. No. 08-4775, Doc. No. 116).

Section 1964 provides that a successful RICO plaintiff can recover treble damages, costs and attorney's fees. 18 U.S.C. § 1964(c). Just because the statute permits a plaintiff to recover costs under RICO does not mean a prevailing defendant cannot recover costs under Rule 54. Indeed, courts have allowed costs to prevailing defendants in RICO cases. *See Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996); *O'Ferral v. Trebol Motors Corp.*, 45 F.3d 561, 564 (1st Cir. 1995); *see also Johnson Enters. v. FPL Grp., Inc.*, 162 F.3d 1290, 1330–31 (11th Cir. 1998).

Having concluded that there is no bar to a prevailing party recovering costs in this case, we must determine whether KFI was a prevailing party.

A prevailing party is the party obtaining a favorable judgment, even if that judgment does not fully vindicate the litigant's position. *Devex Corp. v. Gen. Motors Corp.*, 494 F. Supp. 1369, 1380 (D. Del. 1980), *judgment aff'd on other grounds*, 667 F.2d 347 (3d Cir. 1981), *judgment aff'd*, 461 U.S. 648 (1983); *Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 102 F.R.D. 959, 961 (E.D. Pa. 1984). Prevailing party status is a fact-specific determination. *Tyler v. O'Neill*, 112 F. App'x 158, 162 (3d Cir. 2004); *Lacovara*, 102 F.R.D. at 961. In analyzing whether a party prevailed, the court considers the practicalities of litigation. *Lacovara*, 102 F.R.D. at 961 ("[T]he complexity of litigation may render difficult the identification of the prevailing party." (quoting Moore's)); 10 J. Moore et al., Moore's Fed. Prac. § 54.101[3] (2016).

In some cases, the result may be mixed; that is, each party wins some and loses other respective claims or defenses. *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1235 (10th Cir. 2001); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 412 F. Supp. 2d 571, 574 (E.D. Va. 2006) (citing *U.S. Search, LLC v.*

*U.S. Search.com, Inc.*, 300 F.3d 517, 522 n.4 (4th Cir. 2002); *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996); *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990); *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980)). When neither litigant fully succeeds on its affirmative claims, "it may be appropriate to require each party to bear its own costs." *Lacovara,* 102 F.R.D. at 961. Just as the district court has discretion to deny costs to a prevailing party, so does it have discretion to determine whether a party prevailed. *Tao of Sys. Integration, Inc.*, 412 F. Supp. 2d at 574. In the event of a mixed judgment, the court may determine that neither party prevailed and require each to bear its own costs. *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (citing *Testa*, 89 F.3d at 447); *Croker v. Boeing Co. (Vertol Div.)*, 662 F.2d 975, 998 (3d Cir. 1981) (en banc) ("The particular circumstances of a case may permit a district court to refuse to award costs altogether or to apportion them between the parties."), *overruled on other grounds*, *Halderman v. Pennhurst State Sch. & Hosp.*, 673 F.2d 628, 644 (3d Cir. 1982) (en banc); *Johnson*, 623 F.3d at 1282 (citing *Cornwell Quality Tools Co. v. C.T.S. Co.*, 446 F.2d 825, 833 (9th Cir.), *cert. denied*, 404 U.S. 1049 (1972)).

There was no winner in this case. Whether the yarns were intentionally mislabeled, the core issue, was never decided on the merits. As Judge Buckwalter noted, "the ultimate issues—whether the yarns-in-suit contained the labeled amount of cashmere and whether some Defendants purposely sold the yarns despite knowing of this mislabeling—were never resolved."[12]

---

[12] Order at n.1 (Doc. No. 446).

While judgment was entered in favor of KFI on the breach of warranty and civil racketeering claims, the grounds for dismissal of those claims did not decide the issues on the merits. The breach of warranty claims were dismissed on statute of limitations grounds and the RICO claims were dismissed for lack of standing.[13] Although TKW prevailed on one counterclaim for commercial disparagement, TKW failed to sustain any of its original claims. Its success on the counterclaim did not garner TKW any benefit it had sought in the lawsuit. Under the circumstances, we decline to declare either TKW or KFI the prevailing party.

Even if we determined KFI was the prevailing party, we would exercise our discretion to deny costs based on its conduct during the litigation. Taxation of costs may be disallowed where there has been misconduct by the prevailing party if the misconduct rises to the level of unclean hands, bad faith, dilatory tactics, or a failure to comply with the litigation process or costs award proceedings. *Reger*, 599 F.3d at 288 n.3.

Judge Buckwalter, who was in a better position to observe and assess the conduct in the litigation, found that both sides had behaved poorly. In an order denying KFI's motion for sanctions, Judge Buckwalter noted:

> At first blush, this Court was inclined to award sanctions against [TKW's counsel]. As noted by Defendants, the genesis of this action was Plaintiff The Knit With's purchase of $9,702.50 of knitting yarn from Defendant Knitting Fever, Inc., which it claimed did not contain the labeled amount of cashmere. Plaintiff's relatively simple core claim, however, then exploded into a complaint involving allegations of breach of warranty, Lanham Act violations, and racketeering practices against not only the distributor of the yarns, but a multitude of foreign companies and individuals, many of whom had only a tangential relationship to the main issues. Litigation of

---

[13] *Id.*

> this case stretched over the course of four and a half years with almost 450 docket entries and close to 400 pages of court-issued opinions. During this time, [TKW's counsel] repeatedly (a) served overreaching discovery requests that sought irrelevant personal information; (b) engaged in rampant motion practice seemingly in efforts to either increase the attorney[']s fees recoverable under the RICO statute or obtain sanctions against Defendants; (c) twice sought to disqualify defense counsel; (d) submitted, as exhibits, affidavits not grounded in fact; and (e) often took creative advocacy to the brink of misrepresentation of the law.
>  . . .
> Moreover, the Court must note that defense counsel, while perhaps baited by [the] tactics [of TKW's counsel], bears some responsibility for the protracted nature of these proceedings. In lieu of taking the higher ground and working to disprove the substantive issues on their merits, Defendants interrupted the forward-progress of the case by, for example, attacking Plaintiff's standing under a real party in interest theory, complicating Plaintiff's service of the foreign defendants thus requiring court intervention, seeking and obtaining a discovery stay, and challenging Plaintiff's efforts to retain their choice of outside counsel. Aside from exacerbating the delay, such tactics only fueled the ever-mounting animosity between the parties.[14]

Given Judge Buckwalter's findings, even if we found KFI was the prevailing party, we would still deny costs based on its conduct during the course of the litigation.

## Conclusion

Because neither TKW nor KFI was a prevailing party, we shall vacate the Clerk's taxation of costs in favor of KFI.

---

[14] *Id.*